# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00162-CV

**Great American Insurance Company of New York, Appellant**

**v.**

**Williamson County, Texas, Appellee**

### FROM THE 480TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 22-1359-C368, THE HONORABLE SCOTT K. FIELD, JUDGE PRESIDING

## DISSENTING OPINION

Because I would conclude that termination of the bonded contractor constitutes termination of the public work contract and triggers limitations on a performance-bond claim under Section 2253.078 of the Texas Government Code, I dissent.

Respectfully, I disagree with the Court's conclusion that the performance bond is part of the public work contract and that the public work contract and performance bond must be construed as one contract in determining whether termination of the public work contract has occurred. In my view, the public work contract—between Williamson County and Ritter, Botkin Prime—does not incorporate the performance bond such that the termination date of the public work contract for Section 2253.078(a)'s purposes hinges on the performance bond's terms.

Instead, I would conclude that the relevant termination date is June 2, 2021, when the County terminated Prime from the project and made its demand on Great American under the bond. Under Section 2253.078(a), once the County terminated Prime from the project, the County

had one year from that date to sue Great American on the performance bond. *Cf. Dallas Area Rapid Transit v. Colonial Am. Cas. & Sur. Co.*, No. 3:05-CV-1405-B, 2006 WL 8437553, at *1–3 (N.D. Tex. July 11, 2006) (staying unripe performance-bond suit brought during administrative dispute process so claims would not be barred by Section 2253.078(a) if limitations period ran before dispute was resolved).

In my view, holding otherwise turns a statute of limitations intended to create clarity into a fact-specific inquiry that turns on the attachments to the public work contract—which the surety has no control over since it is not a party to that agreement. Under the Court's opinion, determining when accrual on a performance-bond claim occurs requires at least a two-step inquiry: Does the public work contract incorporate other agreements? If so, what do those agreements collectively require for termination—and thus accrual on the performance-bond claim—to occur? In my opinion, that is inconsistent with the plain language of the statute and the way in which this statute has been interpreted. *See, e.g.*, *Amwest Sur. Ins. v. Cardenas*, No. 7:12-CV-00146-O, 2013 WL 5729930, at *7 (N.D. Tex. Oct. 22, 2013) (concluding that date of written notice to contractor that construction contract was terminated for default was accrual date for Section 2253.078(a) limitation purposes and that suit brought over one year after that date was time barred); *cf. Dallas/Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*, 819 F.3d 245, 254–55 (5th Cir. 2016) (concluding that board's recommendation to terminate contract was not self-executing and thus fact issue existed regarding date contract was terminated for Section 2253.078(a) limitation purposes).

This conclusion would not foreclose all lawsuits related to the public work contract after one year following termination—only suits on the performance bond. *See* Tex. Gov't Code § 2253.078(a). For example, as the Court describes in its opinion, if the surety engages another

contractor to complete the terminated contractor's work or decides to complete the work itself, the County could sue for any disputes arising out of that work based on that engagement agreement, which is not limited to the same statutory limitations period as the performance bond. But because the legislature has provided a one-year limitations period to sue on the performance bond following termination, and because the County sued Great American on the performance bond after that date had passed, I would conclude that this suit is time barred.

For these reasons, I would have reversed the trial court's decision on summary judgment and rendered judgment in Great American's favor based on its limitations defense. I therefore respectfully dissent.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Filed: July 24, 2025

3